FILED
 2006 Nov-14 AM 10:23
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **GARDEN CITY BOXING CLUB, INC.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) **Case No.: 5:06-CV-1817-VEH** | |
| **v.** ) | |
| ) | |
| **BARRY G. BRYAN and MARK KOMARA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## **MEMORANDUM OPINION**

**I.     INTRODUCTION**

This lawsuit was initiated on September 13, 2006. (Doc. #1). Pending before the court is Defendant Barry G. Bryan's ("Bryan") Motion to Dismiss for Lack of Jurisdiction (Doc. #8) filed on October 19, 2006. The other named defendants in the case are Mark Komara and Sportspage Lounge & Deli, Inc. ("Sportspage") (Doc. #1).

The court entered a briefing order (Doc. #10) on October 23, 2006, relating to the pending motion, and the eleven (11) day deadline for Plaintiff Garden City Boxing Club, Inc. ("GCBC") to respond to Bryan's Motion to Dismiss for Lack of

Jurisdiction has passed without any filing from GCBC. As analyzed below, Bryan's Motion to Dismiss for Lack of Jurisdiction is due to be granted, and Defendant Bryan is due to be dismissed from the case.

## II.    ANALYSIS

Bryan's Motion to Dismiss for Lack of Jurisdiction is supported by the affidavit of Defendant Komara. The substance of the Komara affidavit is undisputed and establishes that "Bryan has had no involvement or interest in the Sportspage Lounge & Deli [the corporate defendant] in over twenty (20) years when I acquired all of his rights to the same." (Doc. #8 at Komara Aff. ¶ 3). Additionally, the Komara affidavit raises the issue of inadequate service by pointing out that because "Bryan is not involved in the Sportspage, and has not been involved for sometime, the service of the Summons and Complaint on him at the Sportspage is ineffective." (*Id.* ¶ 6).

Based upon the uncontested substance of the Komara affidavit, dismissal of Defendant Bryan is appropriate under Rule 12(b)(5) of the Federal Rules of Civil Procedure due to insufficiency of service of process. Alternatively, dismissal under Rule 12(b)(6), as converted to a motion for summary judgment under Rule 56 in light of the court's consideration of the Komara affidavit (*see* Fed. R. Civ. P. 12(b)(6)), is appropriate because substantively it is undisputed that Bryan does not play and, in

over twenty (20) years, has not played any type of role with Sportspage.[1]

### III.  CONCLUSION

Based upon the analysis above, Bryan's procedurally and substantively unopposed Motion to Dismiss for Lack of Jurisdiction is due to granted pursuant to Rule 12(b)(5) or alternatively pursuant to Rule 12(b)(6) as converted by the court to consideration under Rule 56.  The court will enter an order consistent with this Memorandum Opinion.

**DONE** and **ORDERED** this the 14th day of November, 2006.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[1] Consistent with Rule 56 of the Federal Rules of Civil Procedure, GCBC has had "at least 10 days" of time to respond to Bryan's Motion to Dismiss for Lack of Jurisdiction, and as noted above, has failed to file any type of response. Fed. R. Civ. P. 56(c).